WRIGHT, J.
The first error relied upon, must have been assigned through mistake of law. The record does not purport to set out all the evidence adduced at the trial, and we do not look beyond it; but it is shown that the record of the court martial was read in evidence without objection. It is too late now to except to its authentication, or to question its effect, and the more so, as we have not that record before us.
The record shows, as to the second exception, that the commission was introduced without endorsement, and the court was asked to charge the jury, that was prima facie evidence, that Gage was no officer, which the court gave with the addition, that whether Gage was an officer subject to a court martial, or not, was with the jury on the whole evidence, which was neither concluded nor controlled by the omission to endorse on the commission the oath. We concur with the court below in all that part of the charge which militates against the plaintiff in error. As to the residue, it is unnecessary to remark.
*The third objection is not well taken in point of fact. The [680 motion excepted to does not appear in the record — what the court said upon the point we see no objection to.
The fourth objection assumes the ground that a judge in charg *704 ing a jury, cannot, by way of illustration, state an hypothetical •case. We recognize the authority of a judge to do so, and concur in that set forth in the record. We do not see how the legal right to an office, acquired under a valid commission and qualification, •could be affected by the erroneous issue of a second commission, void in itself, because no qualification was endorsed on it.
No error is pointed out under the general assignment, nor do any material errors injurious to the plaintiff, meet our view. The judgment is affirmed, with costs.